UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
OTILLA M. CRUZ o/b/o C.M.R., : 11-CV-199 (ARR)
:
Plaintiff, : NOT FOR PRINT OR
: ELECTRONIC
-against- : PUBLICATION
:
MICHAEL J. ASTRUE, Commissioner of Social Security, : OPINION & ORDER
:
Defendant. :
------------------------------------------------------------------ X

ROSS, United States District Judge:

Otilla Cruz, pro se plaintiff, on behalf of her daughter, commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g). She seeks review of a Social Security Administration ("SSA") decision denying her claim for disability insurance benefits ("DIB"). The Commissioner has filed a motion to dismiss or, in the alternative, for summary judgment, on the basis that plaintiff's claim is barred by the sixty-day limitations period applicable to such actions. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). For the reasons explained below, the court grants the Commissioner's motion to dismiss.

## BACKGROUND

The following facts are alleged in the complaint or found in the SSA decisions incorporated by reference therein.[1] Plaintiff first applied for DIB on January 17, 2008. (Declaration of Marian Jones, July 13, 2011 ("Jones Decl."), Ex. 1 at 4.) Her claim was denied on June 9, 2008, and she timely requested a hearing, which, with the aid of an interpreter, was held before Administrative Law Judge ("ALJ") Miriam L. Shire on April 27, 2009. (Id.) In a

---

[1] On this Rule 12(b)(6) motion to dismiss, the court properly considers those documents submitted by the parties that are matters of public record or which are deemed included in the complaint. See Sira v. Artuz, 380 F.3d 57, 67 (2d Cir. 2004); Pani, M.D. v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir.1998).

1

written decision dated September 28, 2009, ALJ Shire found that the claimant was not disabled within the meaning of the Act since the date of the application. (Id. at 15; see Compl. ¶ 7.) Plaintiff timely requested review of the ALJ's decision, but the Appeals Council denied her request by written decision dated July 29, 2010. (Compl. ¶ 8; Jones Decl. Ex. 2 at 1.)

When plaintiff actually received the final decision appears to be somewhat in dispute. Plaintiff's complaint states that she did not receive the letter until January 3, 2011, but provides no support for this claim in her opposition to the instant motion. (Compl. ¶ 8.) According to defendant, however, the SSA mailed plaintiff notice of the Appeals Council's decision on the same date as the written decision: July 29, 2010. (Jones Decl. at ¶ 3(a); Jones Decl. Ex. 2 at 1.) In any event, the notice stated:

> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. . . . You have 60 days to file a civil action (ask for court review). The 60 days start on the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give you reason(s) in the request. You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(Jones Decl. Ex. 2 at 2-3.) Under this notice and the applicable regulations, plaintiff was required to file her complaint by October 2, 2010 at the latest (assuming plaintiff received the notice five days after the Appeals Council's decision). Plaintiff does not allege that she sought any extension of time from the Appeals Council in which to file her civil action. Plaintiff eventually commenced this action on January 11, 2011, 101 days or approximately three months after the end of the sixty-day limitations period.

2

## DISCUSSION

On a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Additionally, as plaintiff is proceeding pro se, the court is obliged to construe her pleadings liberally and interpret them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, in order to survive a motion to dismiss, the plaintiff must provide the "grounds" upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

The Commissioner moves to dismiss on the ground that the plaintiff's complaint was not timely filed pursuant to 42 U.S.C. § 405(g). This section provides the statutory basis for a claimant to seek judicial review of a final SSA decision and sets a sixty-day limit on the filing of such civil actions. It states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day period begins to run when the claimant receives notice of the decision, which is presumptively five days after the date of the decision unless "there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Plaintiff states in her complaint that she did not receive the notice until January 3, 2011, but provides no supporting evidence. To the contrary, defendant submits in his accompanying affidavit that the notice of decision was sent on July 29, 2010, and the regulation creates a presumption that the claimant received the letter on July 3, 2010 . Plaintiff offers no evidence to defeat this presumption and failed to

3

make any showing, let alone a "reasonable showing," that plaintiff did not receive her notice within the number of days presumed by the SSA. See Liranzo v. Astrue, No. 07-CV-5074(CBA), 2010 WL 626791 (E.D.N.Y. Fed. 23, 2010), aff'd, 411 Fed. Appx. 390 (2d Cir. 2011) (dismissing claim as untimely where claimant failed to make "reasonable showing" to rebut five-day presumption by stating that physical condition prevented him from retrieving mail and mailbox was subject to vandalism in low-income area); Malavolta v. Comm'r of Soc. Sec., No. 08 Civ. 6528(LTS)(KNF), 2009 WL 1097275, at *4 (S.D.N.Y. Apr. 23, 2009) (holding that claimant's "'bare assertion' that he did not receive the Appeals Council decision[] until two months after the date of the decision . . . is insufficient to rebut the presumption that he received the letter within five days of the date of the decision"). The instant action was therefore untimely.

The sixty-day time limit is subject to equitable tolling. See Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986)). In light of the nature of social security cases and the congressional intent to be "unusually protective" of social security claimants, equitable tolling of the sixty-day limitations period is "not infrequently appropriate." New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (citing Bowen, 476 U.S. at 480). In her opposition, plaintiff states that "[t]his is the first time I had reviewed this booklet, because I am not English-proficient. My niece has helped me review this booklet and write my correspondence." The court liberally construes plaintiff's argument to raise as grounds for equitable tolling that language barriers prohibited her from timely filing her complaint in federal court.

Notwithstanding the protective standard of applied in the social security context, the court finds that equitable tolling is not appropriate on the facts of this case. "[T]he doctrine of

4

equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Plaintiff in this action has made a showing neither of the requisite reasonable diligence nor of extraordinary circumstances. Plaintiff fails to allege any details of her failed attempt to file this complaint from which her diligence may be inferred. She does not allege even that she attempted to file the complaint within the sixty-day period of limitations. In addition, plaintiff has not alleged extraordinary circumstances. Despite plaintiff's claim of lack of proficiency in English, plaintiff was clearly able to understand and meet filing deadlines, as she did so during the course of her social security proceedings dating back to the filing of her claim in January 2008. See Guzman v. Apfel, No. 97 CIV. 7132(JSR); 1998 WL 788800 (S.D.N.Y. Nov. 12, 1998) (declining to equitably toll statute of limitations for lack of language proficiency under similar circumstances). Moreover, the record shows that the claimant repeatedly received notices from the Social Security Administration in English yet managed to comply with the filing deadlines. See Correa v. Bowen, 682 F.Supp. 755, 757 (S.D.N.Y. 1988) (equitably tolling sixty-day period where claimant had become accustomed to receiving notices in language other than English but SSA's final decision notice was only in English). Accordingly, the court finds no basis to toll the statute of limitations.

Because the court finds that plaintiff's action is untimely and that plaintiff has not established a basis for equitable tolling of the limitations period, her complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is time-barred. The court therefore grants the Commissioner's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: February 1, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Otilla M. Cruz
1498 Jefferson Avenue
Apt. 2
Brooklyn, NY 11237